## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE COLIN DOYLE, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| COLIN DOYLE & SHERRY DOYLE, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-0951-M |
| | ) | Case No. CIV-14-0952-M |
| DEUTSCHE BANK NATIONAL TRUST | ) | Case No. CIV-14-0953-M |
| COMPANY, AS TRUSTEE FOR THE | ) | |
| CERTIFICATE HOLDERS OF | ) | |
| SOUNDVIEW HOME LOAN TRUST | ) | |
| 2005-OPT3, ASSET-BACKED | ) | |
| CERTFICATES, SERIES 2005-0-T3, et al., | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

Before the Court is Appellees' Motion to Dismiss Appeal, filed February 11, 2015. On February 18, 2015, Appellants filed their response. Based upon the parties' submissions, the Court makes its determination.

## I.     Introduction

Appellants own a property in Winter Garden, Florida. In February 2009, Appellee Deutsche Bank Trustee filed an action against Appellants in a Florida State court seeking to foreclose on Appellants' Florida property. On March 27, 2009, Appellants filed a motion to dismiss the foreclosure claim for lack of standing. In June 2009, Appellee Deutsche Bank Trustee dismissed the foreclosure claim and refiled the same foreclosure action in a Florida State court a few days later. In November 2009, Appellant Colin Doyle filed a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Oklahoma. On February 24, 2010, the bankruptcy proceeding was dismissed. Appellant Colin Doyle filed a

second bankruptcy case on March 26, 2010. On April 19, 2010, Appellee Deutsche Bank Trustee filed its Motion for Relief from Stay and to Abandon the Florida property. On April 26, 2010, Appellant Colin Doyle filed a Motion for Continuance of Automatic Stay in the bankruptcy case; it appears the motion was never set for a hearing. On May 5, 2010, Appellant Colin Doyle filed his objection to Appellee Deutsche Bank Trustee's Motion for Relief from Stay and to Abandon. On May 24, 2010, Appellee Deutsche Bank Trustee withdrew its motion to lift the stay, and on June 30, 2010, Appellee American Home Mortgage Servicing Inc. filed a proof of claim, on behalf of Deutsche Bank Trustee, in the bankruptcy case. On March 16, 2011, Appellant Colin Doyle filed his objection to Appellees' proof of claim. On March 31, 2013, Appellees filed their response to Appellant Colin Doyle's objection to their proof of claim.

On March 18, 2011, Appellants initiated an Adversary Proceeding in the Bankruptcy Court by filing a "Complaint of the Debtor for Declaratory Judgment and for Damages for Filing a False Proof of Claim, For Failure to Perfect Mortgage on Residential Real Property, and to Quiet Title" ("Adversary Complaint"). Adversary Case No. 11-01042. The Adversary Complaint raised several issues, including allegations relating to Appellees' standing to enforce the lien, inconsistencies in the assignments of mortgage; rescission of the loan; violation of the Fair Credit Reporting Act; unclean hands; and request for denial of fees in Appellees' proof of claim. On September 10, 2012, Appellant Deutsche Bank Trustee filed a Motion to Confirm Termination of Automatic Stay with Brief in Support ("Stay Motion"). On September 24, 2012, Appellant Colin Doyle filed his response to Appellee's Stay Motion. On December 2, 2013, Appellants filed an answer with counterclaims in the Florida foreclosure case raising similar claims asserted in their Adversary Complaint pending before the bankruptcy court. On June 4, 2014, Appellee Deutsche Bank Trustee filed its supplemental brief to its Stay Motion.

On May 23, 2014, Appellee Deutsche Bank Trustee filed a Motion for Abstention in the Adversary Proceeding moving the bankruptcy court to abstain on both permissive and mandatory grounds. On June 17, 2014, the bankruptcy court held a hearing on the Stay Motion and abstention motion. On June 26, 2014, the bankruptcy court entered an Order abstaining from hearing the Adversary Proceeding and dismissing the Adversary Proceeding without Prejudice, and an Order confirming the automatic stay had terminated.

Appellants appealed these rulings to this Court. *See* Case No. CIV-14-0951-M (appealing the bankruptcy court's Order abstaining from the adversary complaint); Case No. CIV-14-0952-M (appealing the bankruptcy court's Order dismissing the adversary complaint); Case No. CIV-14-0953-M (appealing the bankruptcy court's Order confirming termination of automatic stay). While the appeals were pending before this Court, the bankruptcy court denied the confirmation of the plan and dismissed Appellant Colin Doyle's bankruptcy case. Appellees now move the Court to dismiss the appeals as moot.

II.    Discussion

Generally, United States District Courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Bankruptcy proceedings fall into three categories: proceedings that *arise under* title 11; proceedings that *arise in* a title 11 case; and proceedings that are *related to* a case under title 11. *See Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011) (quoting 28 U.S.C. § 157(a)) (emphasis added). "District courts may refer any or all such proceedings to the bankruptcy judges of their district[.]" *Stern*, 131 S. Ct. at 2603.

In the case at bar, the bankruptcy court dismissed the underlying bankruptcy case while Appellants' appeals were pending before this Court. "A related proceeding is usually dismissed when the underlying bankruptcy case is dismissed." *Armstrong v. Bailey*, 101 Fed. App'x 778, 778 (10th Cir. 2004) (unpublished op.) (citation omitted). However, "if an adversary proceeding

is only 'related to' the underlying bankruptcy case, the district court has discretion over whether to retain jurisdiction." *Id.* (citation omitted). "The court may examine the degree of difficulty of the related issues, the fairness and convenience to the litigants and the interests of judicial economy in deciding whether to retain jurisdiction." *Pauley v. Bank One Col. Corp.*, 205 B.R. 272, 275 (D. Colo. 1997); *see also In re Hook*, No. BKR 06-AP-01762-SBB, 2008 WL 4424811, at *3 (D. Colo. Sept. 25, 2008) (noting "[s]ince *Pauley* was decided in 1997, these principles have been applied in bankruptcy proceedings [in] this District. The Tenth Circuit has also applied these principles in practice[,]" in its unpublished opinion in *Armstrong*). "In contrast, if the adversary proceeding 'depends upon the bankruptcy case for its existence, . . . jurisdiction is [] automatically stripped from a federal court,' and no discretion is involved[.]" *Armstrong*, 101 Fed. App'x at 778 (internal citation omitted).

Further, under the permissive abstention doctrine, a bankruptcy court has discretion to abstain from hearing an "arising under" or "arising in" or "related to" case under title 11 in the interests of justice, or in comity with State courts or respect for State law. 28 U.S.C. § 1334(c)(1). In addition, under the mandatory abstention doctrine, a bankruptcy court also "shall" abstain from hearing a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under or arising in a case under title 11, and where no other basis for federal jurisdiction exists, if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2).

In the case at bar, Appellants appeal the bankruptcy court's orders abstaining from hearing the Adversary Complaint, dismissing the Adversary Complaint, and confirming the termination of the automatic stay.[1] As to the bankruptcy court's decision to abstain from hearing

---

[1] Appellants spend a great deal of their Appellate briefs and their response to Appellees' motion to dismiss appeal re-asserting the merits of their claims and assertions raised in their Adversary Complaint. However, the issue before the Court in relation to the Adversary Complaint is not

the adversary proceeding, it is not clear to this Court whether the bankruptcy court abstained on permissive and/or mandatory grounds.[2] However, regardless of whether the bankruptcy court abstained on mandatory and/or permissive grounds, the Court finds that Appellants' appeals from the abstaining order and the dismissal of the Adversary Complaint should be dismissed. Specifically, the Court finds that to the extent the bankruptcy court abstained and dismissed the adversary claim because Appellants' Adversary Complaint falls within § 1334(c)(2), which includes the requirement that the claim be based upon a state law claim related to a case under title 11 but not arising under or arising in a case under title 11, the Courts declines to exercise jurisdiction over such appeal. The Court finds the Adversary Complaint essentially involves state law claims – disputes over whether Appellee Deutche Bank Trustee presented sufficient proof to show that it is the proper note holder of the lien on Appellants' property located in Florida who can assert, or who is not precluded from asserting, a claim of interest on the property. These disputes first arose in previously filed and currently pending foreclosure lawsuits[3] in a Florida State court between these parties. Once the Florida State court resolves these same issues pending before it under its state laws, the parties can return to the bankruptcy court and easily resolve these disputes in regards to what right, if any, Appellees have in Appellants' Florida property and move judiciously and expeditiously through any bankruptcy proceeding involving said property. These issues are being litigated in Florida State court applying Florida law which

---

whether Appellants could or should have prevailed on the merits of the claims in their Adversary Complaint; rather, the Court's review is limited to a much narrower scope of whether the bankruptcy court erred in abstaining from hearing the merits of their adversary claim and dismissing it without prejudice for such reason.

[2] The Abstention Order is silent on this issue. However, from the Court's review of the transcript of the hearing at the bankruptcy court held in June 17, 2014, it appears that the bankruptcy court considered both mandatory and permissive grounds.

[3] As noted above, the foreclosure cases were filed in the Florida State court before Appellant Colin Doyle filed the underlying bankruptcy case.

generally governs the parties' respective property and other rights relating to the real estate located in Florida. Accordingly, after considering the fairness and convenience to the litigants and the interest of judicial economy, the Court declines to retain jurisdiction over Appellants' appeal on these grounds.

In addition, to the extent the bankruptcy court found the Adversary Proceedings arose under title 11 or in a title 11 case, the Court finds that this Court lacks jurisdiction over an appeal from such ruling because jurisdiction was automatically stripped from this Court upon the dismissal of the underlying bankruptcy case. Similarly, the Court finds that it lacks jurisdiction over Appellants' appeal of the order confirming the termination of stay as it is clearly a proceeding arising under title 11.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Appellees' Motion to Dismiss and DISMISSES Appellants' appeals of the bankruptcy court's Order abstaining from the Adversary Complaint, appeal Case No. CIV-14-0951-M, dismissing the Adversary Complaint, appeal Case No. CIV-14-0952-M, and confirming the termination of automatic stay, appeal Case No. CIV-14-0953-M.

**IT IS SO ORDERED this 6th day of May, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE